IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA R. SALAISES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-23-1122-SLP |
| ) | |
| FARMERS WORLD LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion for Judgment on the Pleadings and Brief in Support [Doc. No. 15]. Plaintiff, Cynthia R. Salaises, has responded [Doc. No. 16] and Defendant has replied [Doc. No. 17].[1] The matter is at issue and ready for determination. For the reasons set forth, Defendant's Motion is DENIED IN PART and GRANTED IN PART.

**I.    Background**

This is an action for breach of contract and breach of the implied covenant of good faith and fair dealing arising from a life insurance policy issued by Defendant, Farmers World Life Insurance Company (Defendant or Farmers), to Sergio Aguilar (the Insured). Plaintiff, Cynthia R. Salaises (Plaintiff or Ms. Salaises), who alleges that she is a proper

---

[1] Citations to the parties' briefing submissions reference the Court's ECF pagination.

beneficiary under the policy, made a claim for benefits and Defendant denied the claim. This action followed.[2]

Defendant moves for judgment on the pleadings on the following grounds: (1) Plaintiff lacks standing to bring this action; (2) Plaintiff has not complied with the proof of death requirements of the policy and, therefore, cannot establish a breach of contract; and (3) Plaintiff's bad faith claim fails because she cannot establish entitlement to benefits or that Defendant's actions were unreasonable under the circumstances.

## II.  Governing Standard

Rule 12(c) of the Federal Rules of Civil Procedure governs.[3]  Rule 12(c) provides that a party may move for judgment on the pleadings "[a]fter pleadings are closed – but early enough not to delay trial[.]"  Fed. R. Civ. P. 12(c).

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."  *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).  The court applies the same standards under either rule.  *Brown v. Montoya*, 662 F.3d 1152, 1160 n. 4 (10th Cir. 2011).  The court accepts as true the complaint's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.  *Schrock v. Wyeth Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).  But the court

---

[2] The two additional named Plaintiffs, Alixus R. Juarez and Sergio A. Aguilar, Jr., a/k/a Sergio Morales, were previously dismissed from this action.  *See* Stipulation of Dismissal [Doc. No. 14].  Ms. Salaises is the sole remaining Plaintiff.

[3] Defendant also moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), raising a purported jurisdictional standing challenge.  *See* Def.'s Mot. at 4-5, 6-7.  But, as discussed infra, Defendant's standing challenge is more properly assessed under contract principles.  Therefore, the Court's review focuses on the standards governing Rule 12(c) motions.

need not accept as true legal conclusions, and "naked assertions devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

"That they share governing standards does not mean that Rule 12(c) motions are the same as Rule 12(b) motions." *Krontz v. CNG Logistics, LLC*, No. 19-4081-SAC, 2020 WL 224525 (D. Kan. Jan. 15, 2020). "A motion proceeding under Rule 12(c) occurs only after the pleadings are closed and is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." *Id.* (internal quotation marks and citations omitted).

### III.   Relevant Facts

In January 1999, the Insured purchased a life insurance policy, number 006275169U (the Policy), from Defendant. *See* Policy [Doc. No. 8-1]. The listed beneficiary on the Policy is Anita Aguilar who, at the time the Policy was issued, was the wife of the Insured. *Id.* at 22. Plaintiff is listed as the sole contingent beneficiary. *Id.* The Policy has been in force since its issuance and at all relevant times. *See* Am. Compl., ¶ 6.[4]

---

[4] Plaintiff filed an Amended Petition in state court prior to the removal of this action. *See* Doc. No. 1-5. Consistent with federal nomenclature, the Court refers to the Amended Petition as the Amended Complaint.

On August 25, 2009, the Insured and Anita Aguilar were divorced. *See* Decree of Divorce [Doc. No. 16-1] (Decree).[5] The Decree contains no provision reviving Anita Aguilar's beneficiary status under the Policy.

In 2008, the Insured was deported to Mexico. Am. Compl., ¶ 6. The last time any contact was had with the Insured was in 2010. *Id.* Plaintiff believes the Insured to be dead. *Id.*, ¶ 7.

In September 2023, Plaintiff submitted a claim for benefits under the Policy to Defendant. *Id.*, ¶ 8. However, Defendant denied the claim. *Id.*, ¶ 10.

The Policy provides as follows regarding payment of benefits: "If you die while this policy is in force, we will pay the proceeds to the beneficiary on receipt of proof of your death." *See* Policy at 6. "Proof of death" is not expressly defined in the Policy.

## IV.   Discussion

The parties both cite Oklahoma law in support of their respective positions. Because federal subject matter jurisdiction is predicated on diversity of citizenship Oklahoma law governs. *See, e.g., Universal Underwriters, Ins. Co. v. Winton*, 818 F.3d 1103, 1105-06 (10th Cir. 2016).

---

[5] The Court takes judicial notice of the Decree. *See Seale v. Peacock*, 32 F.4th 1011, 1016 n. 2 (10th Cir. 2022) (divorce decree is a public record, subject to judicial notice and proper for consideration without converting a Rule 12(b)(6) motion into one for summary judgment).

### A.      Whether Plaintiff Has Standing

Defendant raises Plaintiff's standing to sue as a jurisdictional issue. Defendant contends Plaintiff lacks standing because she has not established she is the beneficiary under the Policy. But a standing argument involving the right to contest coverage under a policy is not a "true standing argument" in the jurisdictional sense. *Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 850-51 (10th Cir. 2015). Rather, it is based on principles of contract law. *Id.* ("Although denominated a matter of standing, [Plaintiff's] argument is actually of another genus entirely – one that does not implicate a court's jurisdiction. Indeed, it presents no more than a garden-variety question regarding the proper interpretation of the Policy."). The Court, therefore, reviews the issue of standing under the standards governing Rule 12(c) motions.

Pursuant to Okla. Stat. tit. 15, §178, Anita Aguilar's status as the beneficiary of the Policy terminated upon the entry of the Decree.[6] Plaintiff, therefore, is the beneficiary of

---

[6] Section 178 provides in full:

> A. If, after entering into a written contract in which a beneficiary is designated or provision is made for the payment of any death benefit (including life insurance contracts, annuities, retirement arrangements, compensation agreements, depository agreements, security registrations, and other contracts designating a beneficiary of any right, property, or money in the form of a death benefit), the party to the contract with the power to designate the beneficiary or to make provision for payment of any death benefit dies after being divorced from the person designated as the beneficiary or named to receive such death benefit, *all provisions in the contract in favor of the decedent's former spouse are thereby revoked*. Annulment of the marriage shall have the same effect as a divorce. In the event of either divorce or annulment, the decedent's former spouse shall be treated for all purposes under the contract as having predeceased the decedent.
>
> B. Subsection A of this section shall not apply:

the Policy. Although Defendant argues that "Plaintiff pleads no facts demonstrating that Anita was revoked as primary beneficiary under Oklahoma law," *see* Def.'s Mot. at 7, the revocation arose as a matter of law upon entry of the Decree. Thus, Plaintiff's allegation that she is a beneficiary of the Policy is sufficient, coupled with the listing of Plaintiff as a contingent beneficiary on the Policy and the Decree. In its Reply, Defendant alters its argument and contends that Plaintiff did not establish revocation of the primary beneficiary (Anita Aguilar) during the claims process. *See* Reply at 4. But even if Plaintiff did not provide Defendant with a copy of the Decree, that fact alone does not alter her status as a beneficiary to the Policy. Accordingly, the Court denies Defendant's Motion as to the issue of Plaintiff's standing.

---

1. If the decree of divorce or annulment is vacated;

2. If the decedent had remarried the former spouse and was married to said spouse at the time of the decedent's death;

3. If the decree of divorce or annulment contains a provision expressing an intention contrary to subsection A of this section;

4. If the decedent makes the contract subsequent to the divorce or annulment;

5. To the extent, if any, the contract contains a provision expressing an intention contrary to subsection A of this section; or

6. If the decedent renames the former spouse as the beneficiary or as the person or persons to whom payment of a death benefit is to be made in a writing delivered to the payor of the benefit prior to the death of the decedent and subsequent to the divorce or annulment.

Okla. Stat. tit. 15, § 178 (emphasis added).

### B.     Proof of Death

Defendant further moves for judgment on the pleadings as to Plaintiff's breach of contract claim, contending that Plaintiff did not provide proof of death at the time the claim was made. According to Defendant, Plaintiff alleges only that she "believes" the Insured to be dead. *See* Am. Compl., ¶ 7. But "Plaintiff does not ever allege that she obtained or provided to Farmers **any** form of proof of death, whether in the form of a death certificate for the Insured, a legal declaration of death . . ., or otherwise." Def.'s Mot. at 8 (emphasis in original) (citing Okla. Stat. tit. 58, § 941).

In response, Plaintiff argues that both a statutory and common law presumption of death, on the facts alleged, sufficiently establishes proof of death for purposes of Defendant's Rule 12(c) Motion. The Court agrees.

The Policy does not expressly require presentation of a death certificate or a legal declaration of death. Instead the Policy requires "proof of death." Oklahoma law provides for both a common law and statutory presumption of death where a person is absent and unheard of for a period of seven years or longer. *See Praetorians v. Phillips*, 88 P.2d 647, 651 (Okla. 1939); Okla. Stat. tit. 58, § 941.[7] Here, Plaintiff has alleged minimally sufficient facts to invoke the presumption of death. Whether Plaintiff can ultimately prevail in establishing that presumption, and, therefore a breach of contract, is better left for a more

---

[7] Plaintiff argues that "[s]tatutory and common-law rules pertaining to the same subject coexist in the absence of express statutory abrogation or conflict between the two in which case the statute controls." Pl.'s Resp. at 16, n. 5 (citing *Chimento v. Gallagher Ben. Servs. Inc.*, 533 P.3d 748, 756 (Okla. 2023). In Reply, Defendant does not address this issue. For purposes of this Motion, the Court finds either presumption is applicable.

fully developed factual record.  For purpose of Defendant's Rule 12(c) Motion, however, the facts are sufficiently pled.

### C. Bad Faith

Finally, Defendant moves for judgment on the pleadings as to Plaintiff's bad faith claim.  *See generally, Christian v. Am. Home Assur. Co.*, 577 P.2d 899, 904 (Okla. 1977) (recognizing that an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort).  The elements of a claim for bad faith, or more precisely, a claim for breach of the duty of good faith and fair dealing are: "1) the plaintiff's loss was covered under the insurance policy issued by the insurer; 2) the insurer's refusal to pay the claim in full was unreasonable under the circumstances because it had no reasonable basis for the refusal, it did not perform a proper investigation, or it did not evaluate the results of the investigation properly; 3) the insurer did not deal fairly and act in good faith with the plaintiff; and 4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the injury sustained by the plaintiff." *Bailey v. Farmers Ins. Co., Inc.*, 137 P.3d 1260, 1264 (Okla. Civ. App. 2006) (citations omitted).

Defendant argues Plaintiff has not alleged sufficient facts to establish the first element of a bad faith claim – that Plaintiff is covered under the Policy.  Defendant reurges the argument made on Plaintiff's breach of contract claim, i.e., that Plaintiff has failed to sufficiently allege entitlement to the Policy's death benefits as a beneficiary.  *See* Def.'s Mot. at 10.  But, as set forth above, the Court has rejected that argument.

Additionally, Defendant argues Plaintiff cannot establish the second element of a bad faith claim because she does not allege any facts to show Defendant's actions were unreasonable under the circumstances. *See* Def.'s Mot. at 10-11. The Court agrees that Plaintiff's allegations as to this element of her bad faith claim are wholly conclusory. *See* Am. Compl., ¶ 10.[8]

---

[8] Paragraph 10 of the Amended Complaint alleges as follows:

> 10. [Defendant] breached Plaintiffs' insurance contract and the implied covenant of good faith and fair dealing in its handling of Plaintiffs' claim, and as a matter of routine claim practice in handling similar claims by:
> a. failing and refusing payment and other policy benefits owed to Plaintiffs at a time when it knew they were entitled to those benefits;
> b. failing to properly or adequately investigate Plaintiffs' claim and obtain additional information both in connection with the original refusal and following the receipt of additional information;
> c. withholding payment of benefits owed to Plaintiffs knowing that this claim for those benefits was valid;
> d. refusing to honor Plaintiffs' claim in some instances for reasons contrary to the express provisions of the subject policy and/or Oklahoma law;
> e. refusing to honor Plaintiffs' claims in some instances by knowingly misconstruing and misapplying provisions of the subject policy;
> f. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, including Plaintiffs' claim;
> g. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim once liability had become reasonably clear;
> h. forcing Plaintiffs, pursuant to its standard claims practice, to retain counsel in order to secure benefits they knew were payable to them;
> i. failing to properly evaluate any investigation that was performed;
> j. offering an amount to satisfy Plaintiffs' claim, if any, that was unreasonably deficient; and/or
> k. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim once liability had become reasonably clear.

Am. Compl., ¶ 10.

9

There are no facts alleged as to the nature of any investigation (or lack thereof) by Defendant of Plaintiff's claim, or the reason provided by Defendant to Plaintiff for the denial of the claim.[9] Nor are any facts alleged to show that Defendant's claims handling practices are deficient or unreasonable. Indeed, in responding to Defendant's Motion, Plaintiff does not point to any specific factual allegations but conclusorily states only that "Plaintiff's allegations plausibly give rise to the bad faith inference under . . . the above theories." Pl.'s Resp. at 20. Without such underlying facts, the allegations set forth in paragraph 10 of the Amended Complaint are too conclusory to support a bad faith claim. *See Ashcroft*, 556 U.S. at 678 (Although the court must accept as true all factual allegations, it must also ignore "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." (internal quotation marks and citation omitted)).[10] Thus, Defendant's Motion is granted as to Plaintiff's bad faith claim.

---

[9] Plaintiff attaches to her Response a "Statement of Disappearance" submitted to Defendant. *See* Doc. No. 16-2. Because the Statement is a matter outside the pleadings, the Court has not considered it in ruling on Defendant's Rule 12(c) Motion.

[10] To the extent Plaintiff argues that an inference of bad faith exists, Plaintiff points only to facts supporting her breach of contract claim. But "[a] breach of contract claim – standing alone – is not tantamount to bad faith, as both are distinct claims that require different elements of proof." *Woska v. Health Care Serv. Corp.*, No. CIV-17-89-D, 2018 WL 992047 at *3, n. 3 (W.D. Okla. Feb. 20, 2018).

**V.      Leave to Amend**

Plaintiff seeks leave to amend to correct any pleading deficiencies. But Plaintiff does not identify additional facts that might support a bad faith claim. Although Defendant filed a Reply, it left unaddressed Plaintiff's request for leave to amend.

Plaintiff's request for leave to amend fails to comply with the Court's local rules. *See* LCvR 7.1(c) and 15.1. Thus, the Court declines to consider whether leave to amend should be granted, but without prejudice to Plaintiff submitting a properly filed motion for leave to amend.[11] That the Court is permitting Plaintiff to file a motion requesting such relief should not be construed as any indication of how the Court may ultimately rule on such a motion. Further, the deadline for amending pleadings has passed, *see* Scheduling Order [Doc. No. 13], and, therefore, any such motion must be accompanied by a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4).

**VI.     Conclusion**

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings and Brief in Support [Doc. No. 15] is DENIED IN PART and GRANTED IN PART. Defendant's Rule 12(c) Motion is DENIED with respect to the issue of Plaintiff's standing and Plaintiff's breach of contract claim. Defendant's Rule 12(c) Motion is GRANTED as to Plaintiff's bad faith clam, subject to Plaintiff filing, within fourteen days of the date of this Order, a motion seeking leave to amend to cure the pleading deficiencies.

---

[11] *See, e.g., Krontz,* 2020 WL 224525 at *3 (finding that "because the defendant's Rule 12(c) motion attacks a pleading deficiency, the court w[ould] employ the routine followed with 12(b)(6) motions and grant the plaintiff an opportunity to seek leave for amending his complaint to allege additional details to cure the pleading deficiencies").

IT IS SO ORDERED this 7th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

12